Lewis L. CROOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–00884–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 1991.

Michael Barrett, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before JUNELL and ELLIS, JJ., and MORSE, Former Justice (Sitting by Designation).

## OPINION

MORSE, Former Justice.

Appellant pled guilty to the court to the misdemeanor offense of unlawful carrying of a weapon. TEX.PENAL CODE ANN. § 46.02 (Vernon 1974). The court assessed punishment at four days confinement in the Harris County jail, plus a one hundred and fifty dollar fine. We affirm.

Houston Police Officer Pedro Marino testified during the hearing on appellant's Motion to Suppress the weapon as evidence. Around eleven o'clock on the night of June 15, 1990, Officer Marino was on patrol near the intersection of South Braeswood and Braeburn Glen when two females approached him and alerted him to a suspicious male sitting alone in a car in an empty parking lot across the street. Knowing this area to be a popular one for the selling and dealing of crack cocaine, Officer Marino called his dispatcher and reported that he was going to investigate.

Driving over to where appellant was parked, Officer Marino pulled up on the side of the vehicle where appellant was seated, got out of the patrol car and cautiously approached. As he walked toward the vehicle, he saw appellant look at him and then duck down in the front seat, "like [he was] trying to hide something." Officer Marino testified that at this point he pulled his gun out to his side for his own safety. Then, he requested appellant to exit his vehicle.

As appellant got out of the car, he left the door open. Officer Marino made a quick glance into the front seat with his flashlight and saw what appeared to be a gun sticking out from under the driver's seat. Marino testified that appellant acted "real nervous and jittery" when he exited the car, so he placed handcuffs on him for his own safety until he could further investigate the matter. A brief search on the floorboard of the front seat revealed the handgun that Officer Marino had seen in his initial flashlight search.

■ In his sole point of error, appellant claims his Motion to Suppress should have been granted because the evidence was obtained as a result of an allegedly illegal search and arrest and an improper detention. When passing on a motion to suppress, the trial court is the exclusive trier of fact and its findings will be upheld if they are supported by the evidence. *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The trial court's findings in a pretrial hearing will not be disturbed absent a showing of an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986). Furthermore, upon review, the evidence adduced at a suppression hearing is viewed in the light most favorable to the trial court's ruling in determining whether the trial court abused its discretion in denying the motion to suppress. *Dotson v. State*, 785 S.W.2d 848, 851 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). At the conclusion of the suppression hearing, the trial judge made the following findings:

> What we're looking at here ... [is the issue of whether] a police officer [has] a right ... to approach anyone, anywhere, at any time, [and the right] to make and inquiry as to name, I.D. and that type of thing. I believe that the police officer did have the right to approach the vehicle that he had seen earlier.
>
> I agree with you that the two female citizens, if that's all there was, ... would not be sufficient for the issuance of a search warrant or an arrest warrant either one. There was no criminal activity apparently afoot, but he did have the right to approach the vehicle.
>
> I agree that the movement under the seat in and of itself is not enough to warrant any further action on the police officer. I agree that nervousness, the high-crime area, I agree that all of these things taken by themselves are not enough, but I believe the case law is pretty clear that the police officer may take the totality of the circumstances into consideration....
>
> I think when you take the totality of the circumstances in this case, and the way I understood the testimony, is after the furtive movement, or the movement under the seat, that he asked Mr. Crooks to

step out of the vehicle, it was at that point in time that he spotted what he thought to be a pistol and that's when he handcuffed the individual.

In my mind at that time he had probable cause to arrest and so, therefore, with respects, I am going to deny your motion to suppress.

The trial judge, thus, found Officer Marino's actions to be reasonable in view of the totality of the circumstances. Such findings can only be disturbed if the trial judge abused his discretion.

Appellant claims that he was under arrest as a matter of law when Officer Marino drew his gun and approached appellant's vehicle. In support of this argument, he cites the Texas Court of Criminal Appeals' opinion in *Morris v. State,* 739 S.W.2d 63, 68 (Tex.Crim.App.1987). In *Morris,* the court held the "point of arrest" to be "the moment that a person's freedom of movement is restricted or restrained." *Id.*

■ Police officers may briefly stop a suspicious individual, however, to determine the person's identity or to maintain the status quo while obtaining more information. Occupants of automobiles are as subject to a brief detention as are pedestrians. *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983) (*citing Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)). Circumstances short of probable cause for arrest may justify a temporary investigative detention because narrowly tailored investigations are less intrusive upon personal liberty than arrests. *Schwartz v. State,* 635 S.W.2d 545, 546 (Tex.Crim.App.1982); *Davis v. State,* 794 S.W.2d 123, 124–25 (Tex.App.—Austin 1990, pet. ref'd).

For such an intrusion to be justified, "an officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the person stopped for further investigation." *Schwartz,* 635 S.W.2d at 547. These specific articulable facts must create a reasonable suspicion in the officer's mind that "some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime." *Comer v. State,* 754 S.W.2d 656, 657 (Tex. Crim.App.1986) (*quoting Johnson v. State,* 658 S.W.2d at 626).

■ Officer Marino stopped and approached appellant because he had a reasonable suspicion that appellant was involved in some activity out of the ordinary and possibly related to a crime. This conclusion is supported by articulable facts in the record. As described in his own testimony, Marino was flagged down by two women who told him that they had seen appellant sitting in the empty parking lot for a long time. This was an area known by him to have a heavy traffic of selling and dealing crack cocaine. It was approximately eleven o'clock at night when Marino drove near to appellant's vehicle. Appellant was parked by himself in a dimly lit area, and the surrounding businesses had long been shut down for the day. As he started walking toward appellant, Officer Marino saw appellant look at him and then duck down in the front seat like he was trying to hide something. Marino testified that he was concerned for his own safety because of possible illegal activity and because he was patrolling the area alone. In response to appellant's movements, Marino pulled his gun out to his side. Nowhere does the record indicate that he ever pointed the gun at appellant. Officer Marino then asked appellant to step outside of the vehicle. We agree with the trial judge that at this point appellant was not yet under arrest.

Appellant argues that the above "articulable facts" were insufficient to warrant the detention. First, he contends that the information given to Officer Marino by the two female informants lacked a sufficient basis of reliability or credibility to authorize appellant's detention. The reasonableness of an investigative detention is reviewed based on the totality of the circumstances for each case. *United States v. Mendenhall,* 446 U.S. 544, 561, 100 S.Ct. 1870, 1880, 64 L.Ed.2d 497 (1980). In *Kel-*

*ley v. State*, 807 S.W.2d 810, 813 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (*citing Rojas v. State*, 797 S.W.2d 41, 43 (Tex.Crim.App.1990)), this court stated that the informant's veracity and the basis of his knowledge are merely relevant considerations, and that other factors that are present may compensate for any weaknesses in the informant's information.

■ Here, the record shows that such other factors did exist so as to justify the investigative detention. Officer Marino testified that he had seen appellant's vehicle earlier that evening in the same location. He patrolled that part of town on a regular basis and had personal knowledge of its reputation as a high-crime area. As he approached appellant's vehicle, Marino observed appellant ducking down in his seat and acting "nervous and jittery." Nervous gestures can be a valid indicia of mens rea when coupled with reliable information or other suspicious circumstances. *Smith v. State*, 542 S.W.2d 420, 421 (Tex. Crim.App.1976); *Kelley v. State*, 807 S.W.2d at 814. Under a totality of the circumstances test, these facts were sufficient to justify the minimal intrusion that resulted when Officer Marino approached appellant and requested appellant to step outside of his car.

■ After appellant got out of his car, leaving the door open, Officer Marino testified that he made a brief scan with his flashlight and saw what he thought to be a gun sticking out from under the front seat. Under the doctrine of "plain view," a warrantless seizure by police of private possessions is permitted when: (1) the police officer lawfully makes the initial intrusion; (2) the incriminating evidence is discovered inadvertently; and, (3) it is immediately apparent to the police that the items they observe may be evidence of a crime, contraband or otherwise subject to seizure. *Hill v. State*, 755 S.W.2d 197, 201 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (*citing Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). Here, because Officer Marino was involved in a lawful investigatory detention of appellant, he discovered the gun as a matter of course while standing in a place where he had a lawful right to be, and the gun was obviously related to the crime for which appellant was charged, the gun could be seized without a warrant. The record states that Officer Marino handcuffed appellant after he saw what he thought to be a gun under the seat. At this point in time, Marino was justified in making the arrest. We find that Officer Marino had probable cause to seize the gun. The trial judge did not abuse his discretion in overruling appellant's motion to suppress. Accordingly, we overrule appellant's one point of error and affirm the judgment of the trial court.