Opinion issued May 8, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00077-CR




CLAUDE ALLEN DAWSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 811217




OPINION ON REMAND

          This is an appeal of the trial court’s denial of appellant’s motion to suppress.
After the trial court denied the motion, appellant pleaded guilty to possession of less
than one gram of cocaine; pursuant to his plea bargain, appellant was sentenced to 21
months in state jail.


 
          Appellant timely filed a notice of appeal, but the notice did not comply with the
requirements of rule 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3)(B) (providing that
notice of appeal following negotiated guilty plea must specify that substance of
appeal was raised by written motion and ruled on before trial). Before filing his brief,
appellant sought leave from this Court to file an amended notice of appeal that
complied with rule 25.2(b)(3)(B). Based on our understanding of State v. Riewe, 13
S.W.3d 408 (Tex. Crim. App. 2000), however, this Court denied appellant’s motion
and dismissed the appeal on March 29, 2001 for want of jurisdiction.
          Appellant’s petition for review was granted by the Court of Criminal Appeals,
which has vacated our judgment and remanded the cause to this Court for
reconsideration in light of its ruling in Bayless v. State, 91 S.W.3d 801, 806 (Tex.
Crim. App. 2002) (holding that intermediate appellate courts have jurisdiction to
address merits of appeal when amended notice of appeal is filed before briefs are
filed). Accordingly, we (1) withdraw our opinion dismissing the cause; (2) vacate our
denial of appellant’s motion to file an amended notice of appeal; (3) direct the clerk
of this Court to file the amended notice of appeal; and (4) address the merits of the
appeal. We affirm.
Factual Background
          At the beginning of April 1999, appellant rented room 424 at the Hawthorn
Suites, paying deposits for the room and incidentals, and paying cash for several
nights at the motel. He continued to pay cash on a periodic basis for continued rental
of the room. The motel manager, Michael Benjamin, was concerned about the
amount of traffic in and out of the room. He conveyed his suspicions about illegal
drug activity he believed could be occurring in room 424 to Officer Virgil Price, a
Houston narcotics division policeman who often investigated people in motels
suspected of dealing drugs. Benjamin and Price had prior dealings, and Price
intermittently stopped by the motel to get some coffee or use the restroom.
          On the morning of April 23, the cleaning crew informed Benjamin that the
privacy sign had been on the door for several days. When Benjamin phoned the
room, there was no answer. He waited until one minute after noon, the motel’s
check-out time, to go to the room.


 Meanwhile, Price had stopped by for coffee. 
Benjamin invited Price to accompany him to the room. When no one answered his
knocks, Benjamin entered the room, took a look around, changed the lock, and left. 
Price was standing near the threshold as Benjamin did this; when the door to the room
was opened, Price smelled the odor of burnt marijuana. Benjamin did not smell it and
did not see any drugs in the room during his brief tour. At some time during the
afternoon of the 23rd, appellant paid cash for some additional nights at the motel and
obtained a key for the new lock. 
          Based on his having smelled marijuana, Price obtained a search warrant. When
he executed the warrant two days later, he found marijuana, cocaine, and drug
paraphernalia in the room.
Hearing on Motion to Suppress
          In his sole point of error, appellant contends the trial court erred in denying his
motion to suppress. In reviewing the trial court’s ruling on the motion to suppress,
we apply a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000). We give almost total deference to the trial court’s
determination of historical facts, while we conduct a de novo review of the trial
court’s application of the law to those facts. Id. During a motion to suppress hearing,
the trial court is the sole trier of fact; accordingly, the trial judge may choose to
believe or disbelieve all or any part of a witness’s testimony. See State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). When, as here, no findings of fact are filed,
we must view the evidence in the light most favorable to the ruling and sustain the
decision if it is correct on any applicable theory of the law. Ross, 32 S.W.3d at
855-56; King, 35 S.W.3d at 742.
          The crux of appellant’s argument is that Benjamin was acting as an agent of the
police, and his entry into the room was pretextual; therefore, the cocaine later
discovered when the search warrant was executed was the fruit of an illegal search. 
The State, however, contends that the entry was lawful. 
          The Fourth Amendment protects the “right of the people to be secure in their
persons, houses, papers, and effects, against unreasonable searches and seizures.” 
U.S. Const. amend. IV. For the purposes of the Fourth Amendment, a “search”
occurs when the government violates a subjective expectation of privacy that society
considers objectively reasonable. See Kyllo v. United States, 533 U.S. 27, 33, 121 S.
Ct. 2038, 2042-43 (2001). However, the Fourth Amendment proscribes only
governmental action, not action by a private individual who is not acting as an agent
of the government or with the knowledge and participation of a government official. 
United States v. Jacobsen, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984). Even
a wrongful search or seizure by a private citizen does not deprive the government of
the right to use evidence obtained from the wrongful search. See Walter v. United
States, 447 U.S. 649, 656, 100 S. Ct. 2395, 2401 (1980).
          The government may not encourage conduct by private persons that the
government itself cannot do, and if the government does encourage a search, or the
private citizen searches solely for the purpose of aiding in law enforcement, the
search is illegal. Morrow v. State, 757 S.W.2d 484, 489 (Tex. App.—Houston [1st
Dist.] 1988, pet. ref’d) (citing Coolidge v. New Hampshire, 403 U.S. 443, 488, 91 S.
Ct. 2022, 2049 (1971)). To determine whether a person is acting as an “instrument”
or agent of the government, we ask (1) whether the government knew of, and
acquiesced in, the intrusive conduct, and (2) whether the party performing the search
intended to assist law enforcement efforts or, instead, to further his own ends. Stoker
v. State, 788 S.W.2d 1, 11 (Tex. Crim. App. 1989). De minimis or incidental contacts
between the citizen and law enforcement agents before or during the course of a
search or seizure will not subject the search to Fourth Amendment scrutiny. United
States v. Walther, 652 F.2d 788, 791 (9th Cir. 1981). 
          We conduct our analysis of this question on a case-by-case basis in light of all
the circumstances. United States v. Hall, 142 F.3d 988, 993 (7th Cir. 1998). The
defendant bears the burden of proving that a private party acted as an agent of the
government. United States v. Feffer, 831 F.2d 7334, 737 (7th Cir. 1987). 
          Although the sequence of events here is open to several interpretations,
Benjamin and Price both testified that Price had simply stopped by the motel for
coffee; that Benjamin initiated the entry into the room for the purpose of checking for
damage or abandonment; that Price did not ask Benjamin to enter the room; and that
Price did not cross the threshold. We consider the earlier conversations between
Benjamin and Price regarding drug activity at the motel to be both general enough
and remote enough to amount only to de minimis contact. It is important to note that,
at the time Benjamin opened the door, appellant had lost his right to privacy. See
Brimage v. State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996) (when term of
occupancy expires, guest loses exclusive right to privacy and manager has right to
enter room). Moreover, because appellant had lost his exclusive right to privacy,
Benjamin was entitled to (although he did not) consent to a search by the police. Id. 
Benjamin had a legitimate reason to enter the room, and the record indicates that his
entry was intended to further his own ends as the motel manager, not simply to further
the State’s ends. 
          Appellant relies principally on Spring v. State, 626 S.W.2d 37 (Tex. Crim. App.
1981), to argue that Benjamin acted as an agent of the State. We find the facts in
Spring distinguishable from the facts here. First, it was a police officer in Spring who
told an apartment manager to go into and inspect the defendant’s apartment. Id. at 38. 
The manager testified that, had the officer not called her, she would not have known
there was a problem. Id. Second, after the manager unlocked the apartment door, the
police officer followed her into the apartment. Id. Third, in contrast to the appellant
here, the court determined that the apartment tenant had a reasonable expectation of
privacy. Id. 
          We find the facts in this case more consonant with the facts in Stoker. There,
the private citizen had discussed with the police his suspicions that a defendant had
a gun that had been used in several crimes. Stoker, 788 S.W.2d at 11. The officer
told the citizen that, if the citizen ever acquired the gun, the officer would like to see
it. Id. Because the officer did not direct the citizen to obtain the gun or instruct him
on how to obtain it, the court concluded that the State did not acquiesce in the
intrusive conduct. Id. Similarly, in United States v. Crowley, 285 F.3d 553, 558 (7th
Cir. 2002), because there was no evidence that the police controlled or directed a
United Parcel Service employee to open any suspicious packages, merely to watch
for them and contact the police if one arrived, the court would not impute the
employee’s actions to the police. The court further noted that the mere fact that the
police witness a private party’s search does not transform the party into a
governmental agent. Id.
          Price did not enter the apartment, although Benjamin could have consented to
his entry. Instead, he stayed outside the room, merely witnessed the search, and did
not search on his own until he had obtained a warrant. When he smelled the odor of
marijuana, Price had probable cause sufficient to justify obtaining a warrant to search
the room. See Joseph v. State, 3 S.W.3d 627, 634-35 (Tex. App.—Houston [14th
Dist.] 1999, no pet.). It is evident that the trial court believed Price and Benjamin’s
testimony, as it was free to do, and we must defer to the trial court’s determination of
the historical facts in this case. See Carmouche, 10 S.W.3d at 327.
          Finally, appellant argues that there was some accounting “sleight of hand” that
made it look as if the room was not paid for, despite the existence of a credit balance
on appellant’s account. The business records admitted into evidence, however, do not
support this contention. Although there was a credit balance on appellant’s account
on the morning of the 23rd, it was not sufficient to cover the cost of the room that
night ($90 plus tax) and appellant does not contend he paid for the room before noon. 
As noted, appellant had lost his privacy interest in the room. See Brimage, 918
S.W.2d at 507. That appellant later paid for the room is of no consequence. 
Appellant cites no authority, nor can we find any, that supports the idea that, by
paying for the room, his privacy rights were retroactively restored. 
          We hold that the trial court did not abuse its discretion in denying appellant’s
motion to suppress. We overrule the sole point of error.
          We affirm the trial court’s judgment.
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Publish. Tex. R. App. P. 47.2(b).