COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-488-CR


DANIEL KANE                                                                       APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------
        Appellant Daniel Kane appeals his conviction for possession with intent
to deliver 400 grams or more of methamphetamine. We affirm.
        Appellant began living in room 322 at the Suburban Lodge in Arlington on
October 27, 2001. On December 22, 2001, appellant informed the motel that
his rent payment would be late. Two days later, when appellant still had not
paid his rent, the assistant manager of the motel sent a maintenance employee
to verify whether appellant had moved out and to change the lock on
appellant’s room. When the maintenance employee entered appellant’s room,
he found marijuana under the bed sheets and saw a digital scale on the bedside
table. He reported his discovery to the assistant manager, who called the
police after confirming the report. 
        The police obtained a search warrant based on the information conveyed
to them by the maintenance employee and the assistant manager. The search
warrant expressly authorized the police to seize “drug paraphernalia and a
usable quantity of marijuana.” While executing the warrant, the police found
marijuana, guns, a box of plastic sandwich bags, paperwork associated with
appellant, "dope notes," and a lock box containing methamphetamine.
        Appellant returned to the motel while the search was underway and went
to the motel office to request a new card key, where he was detained by the
police. Before arresting appellant or reading him his rights, a police officer
asked him if he was staying in room 322, and appellant replied that he was.
        Appellant was arrested and charged with possession with intent to deliver
400 grams or more of methamphetamine. A jury found him guilty of the
charged offense, and the trial court sentenced him to thirty-five years’
incarceration.
        In his first point, appellant contends that the trial court erred in admitting
evidence obtained under an invalid search warrant. He argues that the search
warrant was invalid under article 38.23 of the code of criminal procedure
because it was procured by information obtained in violation of his
constitutional right to privacy and criminal trespass laws. The facts relating to
the discovery of the marijuana are undisputed; therefore, we review this legal
issue de novo. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Harrison v. State, 144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004,
pet. granted).
        The Fourth Amendment’s prohibition against unreasonable searches and
seizures does not apply to the actions of private individuals, such as the motel’s
maintenance employee or the assistant manager in this case. See United States
v. Jacobsen, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984) (the Fourth
Amendment is “wholly inapplicable to a search or seizure, even an unreasonable
one, effected by a private individual not acting as an agent of the Government
or with the participation or knowledge of any governmental official”); Dawson
v. State, 106 S.W.3d 388, 391 (Tex. App.—Houston [1st Dist.] 2003, no pet.)
(“the Fourth Amendment proscribes only governmental action, not action by a
private individual who is not acting as an agent of the government or with the
knowledge and participation of a government official”).
        Furthermore, the information used to procure the search warrant was not
obtained in violation of the criminal trespass statute. A person commits
criminal trespass when he enters or remains on the property of another without
consent. Tex. Penal Code Ann. § 30.05(a) (Vernon Supp. 2004-05). Appellant
expressly consented to allowing motel personnel to enter his room at any time
for “maintenance, housekeeping, or to check the room” when he signed an
agreement to this effect at the time he checked into the motel. Therefore, the
maintenance employee and the assistant manager were not trespassing when
they entered appellant’s motel room and observed the marijuana and drug
paraphernalia. See Stoner v. California, 376 U.S. 483, 489, 84 S. Ct. 889,
893 (1964) (hotel guest “undoubtedly gives ‘implied or express permission’ to
‘such persons as maids, janitors or repairmen’ to enter his room ‘in the
performance of their duties’”). Accordingly, we overrule appellant’s first point.
        In his second point, appellant contends that the trial court erred in
admitting evidence that exceeded the scope of the search warrant. 
Specifically, appellant argues that the search warrant did not authorize the
seizure of a receipt for rent he paid to the motel, a notebook containing “dope
notes,” and a key to the lock box in which the methamphetamine was found. 
At trial, appellant’s attorney objected to the admission of all evidence collected
during the execution of the warrant on the grounds that the warrant was
invalid. [1] He did not, however, complain to the trial court, as he does on
appeal, that the receipt and key should have been excluded because they
exceeded the scope of the warrant. Although appellant’s attorney eventually
objected to the admission of the notebook on those grounds, he did so long
after the notebook had been admitted into evidence. Appellant has, therefore,
failed to preserve this point for our review because his trial objection to the
admission of the receipt and key did not comport with his complaint on appeal,
and his objection to the admission of the notebook was untimely. See Tex. R.
App. P. 33.1(a)(1). Accordingly, we overrule appellant’s second point.
        In his third point, appellant contends that the trial court erred in refusing
to conduct a hearing outside the jury’s presence on the voluntariness of his
statement to a police officer acknowledging that he was the person occupying
room 322. “In all cases where a question is raised as to the voluntariness of
a statement of an accused, the court must make an independent finding in the
absence of the jury as to whether the statement was made under voluntary
conditions.” Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005); see
also Jackson v. Denno, 378 U.S. 368, 380, 84 S. Ct. 1774, 1783 (1964)
(holding that when question is raised about the voluntariness of confession,
defendant is entitled to hearing in which voluntariness is determined). An
accused may raise the issue of voluntariness by alleging to the trial court that
he was in custody when he made the confession, or that his confession was
not freely given because of coercion or some other specific reason. Wolfe v.
State, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996), cert. denied, 125 S. Ct.
2262 (2005).
        In this case, appellant raised the issue of voluntariness by alleging that he
was in custody when he acknowledged that he was the person leasing room
322. After Officer Eby testified that appellant acknowledged that he was the
person leasing room 322, appellant’s trial counsel lodged the following
objection: “I object under the Fifth Amendment and Article I, Section 38.22 of
the State Constitution. He was in custodial interrogation in a room where he
was held on to for questioning. He was not free to go and no Miranda
warnings were given.” The trial court then granted appellant’s trial counsel’s
request to take Officer Eby on voir dire. At the conclusion of his voir dire
questioning of Officer Eby, appellant’s trial counsel specifically asked for a
Jackson v. Denno hearing and twice more alleged that appellant was in custody
when he made the statement in question in the following exchange with the
court:
[Counsel]: I wanted a Jackson v. Denno hearing. One man said
[appellant] was handcuffed when he went in and out; [Officer Eby]
said he wasn't. If he is under arrest, he is handcuffed. Therefore,
he is under custodial interrogation, and that's my objection under
Jackson v. Denno.
 
[The Court]: Okay. It's established that he was in custody and
interrogated. Do you have any further questions?
 
[Counsel]: Yes. I would ask that the information that he obtained
while he was in custody while he was being interrogated and prior
to his Miranda warnings when he is being detained without any
lawful reason be suppressed, including the gratuitous offer that he
came out of room—that he was in 322. The issue is that he was
under arrest when he gave that information. It's not permissible
under the Fifth Amendment, Article I, Section 10 of the State
Constitution, or even Article 38.22 of the Code of Criminal
Procedure. 

                . . . .
 
[Counsel]: May I have my Jackson v. Denno hearing outside the
presence of the jury, Your Honor? I will rest on the Court's ruling
Your Honor. 

        Because appellant raised a question as to the voluntariness of his
statement, we hold that the trial court erred in refusing to conduct a hearing
outside of the jury’s presence to determine whether appellant made the
statement under voluntary conditions. See Tex. Code Crim. Proc. Ann. art.
38.22, § 6.
        Assuming appellant’s statement was involuntary, and, thus, improperly
admitted, we must conduct a harm analysis to determine whether the error calls
for reversal of the judgment. Tex. R. App. P. 44.2. When the error is
constitutional, as it is in this case, [2] we apply rule 44.2(a) and reverse only if
we determine beyond a reasonable doubt that the error did not contribute to
appellant’s conviction or punishment. Tex. R. App. P. 44.2(a); see Williams v.
State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).
        Our harmless error analysis should not focus on the propriety of the
outcome of the trial; instead, we should calculate as much as possible the
probable impact on the jury in light of the existence of other evidence. 
Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001). We consider the source and nature of the error, the
extent it was emphasized by the State, its probable collateral implications, the
weight a juror would probably place on the error, and whether declaring it
harmless would be likely to encourage the State to repeat it with impunity. 
Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). This requires
us to evaluate the entire record in a neutral, impartial, and even-handed manner,
not “in the light most favorable to the prosecution.” Id. at 586.
        In this case, the only “statement” at issue is appellant’s acknowledgment
to Officer Eby that he was the person leasing room 322. The record shows
that appellant’s occupancy of room 322 was not a contested issue at trial; that
none of the defensive theories raised in the trial court were founded upon the
contention that appellant was not the occupant of room 322; [3] and that
appellant’s connection to room 322 and the drugs found in the room was
clearly established by other evidence. [4] Appellant’s trial counsel also
acknowledged that the motel’s maintenance employee entered appellant’s room
and argued that appellant had a privacy interest in room 322.
        After carefully reviewing the record and performing the required harm
analysis under rule 44.2(a), we hold beyond a reasonable doubt that the
admission of appellant’s statement that he was the person leasing room 322
did not contribute to appellant’s conviction or punishment. [5] Tex. R. App. P.
44.2(a). Accordingly, we overrule appellant’s third point.
        In his fourth point, appellant contends that the trial court erred by
refusing to instruct the jury, pursuant to article 38.23 of the Texas Code of
Criminal Procedure, on whether his statements were the result of improper
interrogation, whether the keys were adequately linked to him, whether the
motel employees entered the room illegally, whether he was lawfully arrested,
and whether evidence was seized outside the scope of the search warrant.
        Article 38.23 prohibits the admission of evidence obtained in violation of
state or federal laws or constitutions against an accused at the trial of any
criminal case. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). When
there is a factual dispute about whether evidence was obtained in violation of
article 38.23, the trial court must instruct the jury to disregard the evidence if
it believes, or has a reasonable doubt, that the evidence was obtained illegally. 
Id.; Balentine v. State, 71 S.W.3d 763, 773-74 (Tex. Crim. App. 2002).
        There is no factual dispute about how the evidence was obtained in this
case. Appellant’s requested instructions related to legal issues only. Therefore,
the trial court was not required to instruct the jury under article 38.23. See
Reynolds v. State, 848 S.W.2d 148, 149 (Tex. Crim. App. 1993). 
Accordingly, we overrule appellant’s fourth point. Having overruled all of
appellant’s points, we affirm the trial court’s judgment.
 
                                                                  JOHN CAYCE
                                                                  CHIEF JUSTICE


PANEL A:   CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED: September 1, 2005
 
NOTES
1. Appellant objected “under the Fourth Amendment, Article I, Section 9 of the
Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure
and the previous objection as the warrant is not based on probable cause and
is not valid on its face.” Appellant had previously “[r]enewed [his] objection to
search and arrest of [appellant] when he was not arrested on a warrant nor
based on probable cause, nor had he been seen to be committing an offense,”
and “object[ed] to any testimony about reviewing of [appellant’s] arrest,
particularly in light of the fact that when the government offered this videotape,
they said it was a video of the room.“
2. The admission of an invalid confession against an accused violates the due
process clause of the Fourteenth Amendment. Jackson, 378 U.S. at 376, 84
S. Ct. at 1780; Rogers v. Richmond, 365 U.S. 534, 540, 81 S. Ct. 735, 739
(1961).
3. Appellant’s trial counsel defended appellant by suggesting that 1) appellant
had not been in room 322 for two days prior to the discovery of the drugs; 2)
the motel maintenance employee was somehow responsible for the presence
of the drugs; and 3) the evidence seized from room 322 should be suppressed
because it was obtained illegally.
4. Appellant’s connection to room 322 and the drugs found in the room was
established by the motel manager’s testimony that appellant was leasing room
322; Officer Eby’s testimony that he had been told that appellant was the
occupant of room 322; Detective Boyd’s testimony that the police found
insurance and rent receipts bearing appellant’s name in room 322, and that a
key in appellant’s possession opened a safe in room 322 that contained
methamphetamine; and evidence showing that appellant’s fingerprints matched
those on a plastic bag containing methamphetamine that was found inside the
safe in room 322.
5. We note that appellant’s statement was not a “full confession” that “may
tempt a jury to rely upon that evidence alone in reaching its decision.” See
Fulminante, 499 U.S. at 296, 111 S. Ct. at 1258. Rather, appellant’s
statement was “incriminating only when linked to other evidence.” See id.