**Patrick Wayne GREGORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–03–00192–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

*Oct. 28, 2004.*

Discretionary Review Refused
Nov. 9, 2005.

Henry L. Burkholder, III, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Amanda J. Peters, Asst. District Atty., Houston, for appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Patrick Wayne Gregory, appellant, was charged by information with unlawful possession of marihuana in a useable quantity under two ounces. The trial court denied appellant's motion to suppress the marihuana, which was seized during a pat-down search of appellant. The jury found appellant guilty, and the court assessed appellant's punishment at confinement for 30 days. Appellant appeals the court's ruling on the motion to suppress. We affirm.

## BACKGROUND

Deputy Lee Martin and Deputy Willis, in separate vehicles, were on special assignment to patrol an area that was considered to be a high crime area. At about midnight, Martin noticed appellant, another man, and a woman standing by the rear of an illegally parked vehicle in a cul-de-

sac. As Martin pulled up beside the vehicle, the three people, who were on the opposite side of the car, walked toward the front of the vehicle. Martin, believing that the three people were trying to conceal something, got out of his patrol car and approached the car and the three individuals from the front, while Willis approached from the rear. Martin asked appellant what he was doing and said he was going to pat him down for weapons. When Martin reached the back pocket of appellant's pants, he felt a plastic bag filled with what he believed to be marihuana. Martin asked appellant what he had in his back pocket and appellant replied that it was marihuana. Martin then asked appellant if he had any more marihuana, and appellant replied that he had some marihuana inside his right sock. Martin arrested appellant for possession of marihuana.

Martin filed a motion to suppress the marihuana. The trial court denied appellant's motion to suppress and made findings of fact, which included the following:

- The area in which the incident occurred was a high crime area;
- The incident occurred after midnight;
- The three individuals' actions led the officer to believe they might be concealing something;
- The officer patted down appellant for the officer's safety;
- The officer, based on his experience as a police officer, formed a reasonable belief that in that area and at that time of night, his safety was paramount.
- Under the totality of the circumstances, the warrantless search was reasonable.

## DISCUSSION

In his sole point of error, appellant contends that the trial court erred in ruling that the marihuana found on appellant's person was admissible because the police officer lacked reasonable, articulable suspicion to believe that appellant was armed and dangerous.

## I. Standard of Review

In reviewing the trial court's ruling on the motion to suppress, we give almost total deference to the trial court's determination of historical facts, while we conduct a de novo review of the trial court's application of the law to those facts. *Dawson v. State,* 106 S.W.3d 388, 391 (Tex. App.-Houston [1st Dist.] 2003, no pet.). Further, upon review of a trial court's ruling on a motion to suppress, an appellate court does not engage in its own factual review, but determines only whether the record supports the trial court's fact findings. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). If the trial court's fact findings are supported by the record, an appellate court may not disturb the findings unless the trial court abused its discretion. *Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Crim.App.1991).

## II. Validity of the *Terry* Search

It is well established that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-defined exceptions...." *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971). One such well-defined exception is a *Terry* search. A police officer may conduct a warrantless search if

[he] observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and

presently dangerous, ... and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety.... *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

 "The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow,* 528 U.S. 119, 123–24, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000) (citation omitted). "An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." *Id.* However, police officers are not required to ignore the environment or location in which they patrol to determine whether or not a particular circumstance warrants further investigation. *Id.* "Thus, the reasonable suspicion determination must be based on commonsense judgments and inferences about human behavior." *Id.* 528 U.S. at 119, 120 S.Ct. at 674. We make our determination of the validity of a *Terry* search by "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind" at the time of the search. *Maryland v. Macon,* 472 U.S. 463, 470–71, 105 S.Ct. 2778, 2783, 86 L.Ed.2d 370 (1985) (internal citations omitted).

 Appellant argues that, although Martin testified that he searched appellant "for my safety," Martin also testified that he had no reason for believing that appellant was armed or dangerous and that the search was routine. Appellant asks us to look to Martin's subjective state of mind rather than to make an objective assessment of Martin's actions in light of the surrounding facts and circumstances.

Martin's statement that he had no reason for believing that appellant was carrying a weapon is not controlling. *See O'Hara v. State,* 27 S.W.3d 548, 554 (Tex. Crim.App.2000) (stating that under objective analysis, it did not matter whether officer testified that he was not afraid). We must determine whether the record supports the trial court's findings of fact and review de novo the trial court's application of the law to those facts. *Dawson,* 106 S.W.3d at 391. We look at all the surrounding circumstances in order to make an objective determination of whether a reasonable person in Martin's position would have been justified in conducting a pat-down search of appellant. *O'Hara,* 27 S.W.3d at 554.

It is uncontested that Martin encountered appellant and two other individuals in a high crime area after midnight. Martin testified that, when the three moved from the rear to the front of the automobile, he momentarily lost sight of them and thought that they might be hiding something. Martin further testified that he performed the pat-down search for his safety. These facts support the findings of the trial court. We conclude that there were sufficient specific and articulable facts in this case to warrant a person of reasonable caution in Martin's position to believe that the pat-down search was necessary. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress and in admitting the marihuana into evidence.

We overrule appellant's sole point of error and affirm the judgment.