KANE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-488-CR

DANIEL KANE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Daniel Kane appeals his conviction for possession with intent to deliver 400 grams or more of methamphetamine. 
 
We affirm.

Appellant began living in room 322 at the Suburban Lodge in Arlington on October 27, 2001.  
On December 22, 2001, appellant informed the motel that his rent payment would be late.  Two days later, when appellant still 
had not paid his rent, 
the assistant manager of the motel sent a maintenance employee to verify whether appellant had moved out and 
to 
change the lock on appellant’s room.  
When the maintenance employee entered appellant’s room, he found marijuana under the bed sheets and saw a digital scale on the bedside table.  He reported his discovery to the assistant manager, who called the police 
after confirming the report. 

The police obtained a search warrant based on the information conveyed to them by the maintenance employee and the assistant manager.  The search warrant expressly authorized the police to seize “drug paraphernalia and a usable quantity of marijuana.”  While executing the warrant, the police found marijuana, guns, a box of plastic sandwich bags, paperwork associated with appellant, "dope notes," and a lock box containing methamphetamine. 

Appellant returned to the motel while the search was underway and went to the motel office to request a new card key, 
where he was detained by the police.  Before arresting appellant or reading him his rights, a police officer asked him if he was staying in room 322, and appellant replied that he was.

Appellant was arrested and charged with possession with intent to deliver  400 grams or more of methamphetamine.  A jury found him guilty of the charged offense, and the trial court sentenced him to thirty-five years’ incarceration. 

In his first point, appellant contends that the trial court erred in admitting evidence obtained under an invalid search warrant.  He argues that the search warrant was invalid under article 38.23 of the code of criminal procedure
 because it was procured by information obtained in violation of his 
constitutional right to privacy and criminal trespass laws.  The facts relating to the discovery of the marijuana are undisputed; therefore, we review this legal issue de novo.  
See
 
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
 Harrison v. State
,
 
144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004,  pet. granted).

The Fourth Amendment’s prohibition against unreasonable searches and seizures does not apply to the actions of private individuals, such as the  motel’s maintenance employee or the assistant manager
 
in this case
.
  
See
 
United States v.
 
Jacobsen
, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984) (the Fourth Amendment is “wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official”);
 Dawson v. State
, 106 S.W.3d 388, 391 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (“the Fourth Amendment proscribes only governmental action, not action by a private individual who is not acting as an agent of the government or with the knowledge and participation of a government official”). 
 Furthermore, the 
information used to procure the search warrant was not obtained in violation of 
the criminal trespass statute.  A person commits criminal trespass when he enters or remains on the property of another without consent.  
Tex. Penal Code Ann.
 § 30.05(a) (Vernon Supp. 2004-05).  
A
ppellant expressly consented to allowing motel personnel to enter his room at any time for “maintenance, housekeeping, or to check the room” when he signed an agreement to this effect at the time he checked into the motel. 
 
Therefore, the maintenance employee and the assistant manager were not trespassing when they entered appellant’s motel room and observed the marijuana and drug paraphernalia.  
See Stoner v. California
, 376 U.S. 483, 489, 84 S. Ct. 889, 893 (1964) (
hotel guest “undoubtedly gives ‘implied or express permission’ to ‘such persons as maids, janitors or repairmen’ to enter his room ‘in the performance of their duties’”). 
 Accordingly, we overrule appellant’s first point.

In his second point, appellant contends that the trial court erred in admitting evidence that exceeded the scope of the search warrant.  Specifically, appellant argues that the search warrant did not authorize the seizure of a receipt for rent he paid to the motel, a notebook containing “dope notes,” and a key to the lock box in which the methamphetamine was found. 
 At trial, appellant’s attorney objected to the admission of all evidence collected during the execution of the warrant on the grounds that the warrant was invalid.
(footnote: 1) 
 He did not, however, complain to the trial court, as he does on appeal, that the receipt and key should have been excluded because they exceeded the scope of the warrant.  Although appellant’s attorney eventually objected to the admission of the notebook on those grounds, he did so long after the notebook had been admitted into evidence. 
 Appellant has, therefore, failed to preserve this point for our review because his trial objection to the admission of the receipt and key did not comport with his complaint on appeal, and his objection to the admission of the notebook was untimely.  
See
 
Tex. R. App. P.
 33.1(a)(1).
  
Accordingly, we overrule appellant’s second point.

In his third point, appellant contends that the trial court erred in refusing to conduct a hearing outside the jury’s presence 
on the voluntariness of his statement to a police officer acknowledging that he was the person occupying room 322.
  “In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions.”  
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 6 (Vernon 2005); 
see also Jackson v. Denno
,
 
378 U.S. 368, 380, 84 S. Ct. 1774, 1783 (1964) (holding that when question is raised about the voluntariness of confession, defendant is entitled to hearing in which voluntariness is determined).  An accused may raise the issue of voluntariness by alleging to the trial court that he was in custody when he made the confession, or that his confession was not freely given because of coercion or some other specific reason. 
 Wolfe v. State
, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996), 
cert. denied
, 125 S. Ct. 2262 (2005).

In this case, appellant raised the issue of voluntariness by alleging that he was in custody when he acknowledged 
that he was the person leasing room 322.  After Officer Eby testified that appellant acknowledged that he was the person leasing room 322, a
ppellant’s trial counsel lodged the following objection:  “I object under the Fifth Amendment and Article I, Section 38.22 of the State Constitution.  He was in custodial interrogation in a room where he was held on to for questioning.  He was not free to go and no Miranda warnings were given.”  The trial court then granted appellant’s trial counsel’s request to take Officer Eby on voir dire.  
At the conclusion of his voir dire questioning of Officer Eby, appellant’s trial counsel specifically asked for a 
Jackson v. Denno 
hearing and twice more alleged that appellant was in custody when he made the statement in question in the following exchange with the court:

[Counsel]:  I wanted a Jackson v. Denno hearing.  One man said [appellant] was handcuffed when he went in and out; [Officer Eby] said he wasn't.  If he is under arrest, he is handcuffed.  Therefore, he is under custodial interrogation, and that's my objection under Jackson v. Denno.

[The Court]:  Okay.  It's established that he was in custody and interrogated.  Do you have any further questions?

[Counsel]
:  Yes.  I would ask that the information that he obtained while he was in custody while he was being interrogated and prior to his Miranda warnings when he is being detained without any lawful reason be suppressed, including the gratuitous offer that he came out of room—that he was in 322.  The issue is that he was under arrest when he gave that information.  It's not permissible under the Fifth Amendment, Article I, Section 10 of the State Constitution, or even Article 38.22 of the Code of Criminal Procedure. 

. . . .

[Counsel]:  May I have my Jackson v. Denno hearing outside the presence of the jury, Your Honor?  I will rest on the Court's ruling Your Honor. 

Because appellant raised a question as to the voluntariness 
of his statement, we hold that the trial court erred in refusing to conduct a hearing outside of the jury’s presence to determine whether appellant made the statement under voluntary conditions.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 6.

Assuming 
appellant’s statement was involuntary, and, thus, improperly admitted, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.
(footnote: 2)  
Tex. R. App. P.
 44.2.  
When the error is constitutional, as it is in this case,
(footnote: 3) we apply rule 44.2(a) and reverse only if we determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a); 
see Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).

Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence.  
Wesbrook v. State
, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  We consider the source and nature of the error, the extent it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity.  
Harris v. State
, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not “in the light most favorable to the prosecution.”  
Id.
 at 586.

In this case, the only “statement” at issue is appellant’s acknowledgment to Officer Eby that he was the person leasing room 322.  The record shows that appellant’s occupancy of room 322 was not a contested issue at trial; that none of the defensive theories raised in the trial court were founded upon the contention that appellant was not the occupant of room 322;
(footnote: 4) 
and that  appellant’s connection to room 322 and the drugs found in the room was clearly established by other evidence.
(footnote: 5) 
 Appellant’s trial counsel also acknowledged that the motel’s maintenance employee entered appellant’s room and argued that appellant had a privacy interest in room 322.

After carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the admission of appellant’s statement that he was the person leasing room 322 did not contribute to appellant’s conviction or punishment.
(footnote: 6)  
Tex. R. App. P.
 44.2(a).  Accordingly, we overrule appellant’s third point.

In his fourth point, appellant contends that the trial court erred by refusing to instruct the jury, pursuant to article 38.23 of the Texas Code of Criminal Procedure, on whether his statements were the result of improper interrogation, whether the keys were adequately linked to him, whether the motel employees entered the room illegally, whether he was lawfully arrested, and whether evidence was seized outside the scope of the search warrant. Article 38.23 prohibits the admission of evidence obtained in violation of state or federal laws or constitutions against an accused at the trial of any criminal case.  
Tex. Code Crim. Proc. Ann. 
art. 38.23 (Vernon 2005).
  When there is a factual dispute about whether evidence was obtained in violation of article 38.23, 
the trial court must instruct the jury to disregard the evidence if 
it believes, or has a reasonable doubt, that the evidence was obtained illegally.
 
 Id.
; 
Balentine v. State, 
71 S.W.3d 763, 773-74 (Tex. Crim. App. 2002)
.

There is no factual dispute about how the evidence was obtained in this case.  Appellant’s requested instructions related to legal issues only.  Therefore, the trial court was not required to instruct the jury under article 38.23. 
 See Reynolds v. State
, 848 S.W.2d 148, 149 (Tex. Crim. App. 1993).
  
Accordingly, we overrule appellant’s fourth point.  Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED:
 September 1, 2005

FOOTNOTES
1:
Appellant objected “under the Fourth Amendment, Article I, Section 9 of the Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure and the previous objection as the warrant is not based on probable cause and is not valid on its face.”  Appellant had previously “[r]enewed [his] objection to search and arrest of [appellant] when he was not arrested on a warrant nor based on probable cause, nor had he been seen to be committing an offense,” and “object[ed] to any testimony about reviewing of [appellant’s] arrest, particularly in light of the fact that when the government offered this videotape, they said it was a video of the room.“ 

2:
Reversal of a judgment for failure to conduct a voluntariness hearing is not constitutionally required. 
 See Jackson, 
378 U.S. at 376-77, 84 S. Ct. at  1780-81; 
Bass v. State
, 626 S.W.2d 769, 772-73 (Tex. Crim. App. [Panel Op.] 1982); 
Mayfield v. State
, 821 S.W.2d 357, 358 (Tex. App.—Houston [14th Dist.] 1991, no pet.); 
see also Arizona v. Fulminante
, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265 (1991) (holding that the erroneous admission of a coerced confession is subject to a harmless error analysis).

3:
The admission of an invalid confession against an accused violates the due process clause of the Fourteenth Amendment.  
Jackson
, 378 U.S. at 376, 84 S. Ct. at 1780
; 
Rogers v. Richmond
, 365 U.S. 534, 540, 81 S. Ct. 735, 739 (1961).

4:
Appellant’s trial counsel defended appellant by suggesting that 1) appellant had not been in room 322 for two days prior to the discovery of the drugs; 2) the motel maintenance employee was somehow responsible for the presence of the drugs; and 3) the evidence seized from room 322 should be suppressed because it was obtained illegally.

5:
Appellant’s connection to room 322 and the drugs found in the room was established by 
the motel manager’s testimony that appellant was leasing room 322; Officer Eby’s testimony that he had been told that appellant was the occupant of room 322; Detective Boyd’s testimony that the police found insurance and rent receipts bearing appellant’s name in room 322, and that a key in appellant’s possession opened a safe in room 322 that contained methamphetamine
; and evidence showing that appellant’s fingerprints matched those on a plastic bag containing methamphetamine that was found inside the safe in room 322. 

6:
We note that appellant’s statement was not a “full confession” that “may tempt a jury to rely upon that evidence alone in reaching its decision.”  
See
 
Fulminante
, 499 U.S. at 296, 
111 S. Ct. at 1258
.  Rather, appellant’s statement was “incriminating only when linked to other evidence.”  
See id.