

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00057-CR

_____

MICHAEL EDWARD SHIPP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F14174

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Edward Shipp was sentenced to twenty years' imprisonment in the Texas Department of Criminal Justice-Institutional Division and was ordered to pay a $10,000.00 fine after a jury convicted him of indecency with his step-granddaughter, M.V. On appeal, Shipp argues that the evidence was insufficient to support his conviction and that the trial court erred in admitting a Utah judgment of deferred adjudication for sexual abuse during the punishment phase. Because we find the evidence sufficient to establish indecency with a child and determine that Shipp failed to preserve error with respect to admission of the deferred adjudication, we affirm the trial court's judgment.

## I.  Legally Sufficient Evidence Supports the Trial Court's Judgment

### A.  Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of indecency with a child by contact beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the

responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct jury charge, Shipp committed the offense of indecency with a child by contact if he engaged in sexual contact with the victim or caused the victim to engage in sexual contact with him, and the victim was younger than seventeen years of age. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Sexual contact means "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person" "if committed with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c) (West 2011). A person acts intentionally with respect to the nature of his or her conduct when it is that person's conscious objective or desire to engage in the conduct; a person acts knowingly with respect to the nature of his or her conduct when that person is aware of the nature of his or her conduct. TEX. PENAL CODE ANN. § 6.03(a), (b) (West 2011).

## B. Factual Background and Analysis

"The testimony of a child victim alone is sufficient to support a conviction for . . . indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet.

3

ref'd); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2005).

Six-year-old M.V. testified at trial to the actions committed by Shipp. She told the jury that Shipp touched her underneath her panties on her "teetee," which she identified as her vaginal area, while she was sitting in his lap. M.V. stated that this type of touching occurred "a whole bunch of times" and that Shipp instructed her "don't tell anybody" because "it's a secret." M.V. also recounted that Shipp had once "touched my teetee and made me touch his weewee." M.V. said Shipp would take her hand, place it inside of his pants and "pushed and pulled it, and he made me touch it." After this incident, M.V. washed her hands "because they were sticky." She then "told [her] mama."

M.V.'s mother, Tamara, testified that she was watching television when M.V. approached her and asked, "Momma, can I talk to you?" Tamara said M.V. "told me that her grandfather Mike Shipp had been touching her on her teetee inside her panties and that she told him to stop and that he wouldn't stop doing it. And he told her that it was a secret, not to tell anyone." After the outcry, Tamara stated M.V. "was real upset and crying." Tamara went to the police station immediately.

In this case, the jury was free to believe the testimony of M.V., which established that Shipp touched the child's vaginal area and caused her to engage in sexual contact. The jury could

4

find these acts were done with specific intent to arouse or gratify Shipp's sexual desire because Shipp asked M.V. to keep the abuse a secret, repeated the sexual contact many times, and because M.V.'s testimony regarding the need to wash her hands indicated Shipp's sexual gratification. We find the evidence legally sufficient[1] to establish each element of indecency with a child by contact beyond a reasonable doubt.

We overrule Shipp's first point of error.

## II. Shipp's Complaint of the Admission of Deferred Adjudication Was Not Preserved

After the jury's verdict on guilt/innocence, Shipp became aware of the State's intent to introduce a "DEFERRED JUDGMENT AGREEMENT AND ORDER" from the State of Utah stating that Shipp had "enter[ed] a plea of guilty to the charge(s) of:   Count 1:   SEXUAL ABUSE OF A CHILD, a second degree felony as contained in the Information filed in the above named Court." Despite the plea, the Utah court "plac[ed] the guilty plea to the above counts in abeyance and cause[d] it not be entered upon the record of the Court." However, before doing so, Shipp signed the order and averred in writing, "By entering this guilty plea, I admit, that I committed the

---

[1]Shipp's briefing argues that "[t]he facts stated in the testimony of [M.V.], when taken in a neutral light, lead one to ask how the offense could have been committed since other adults were close by at all relevant times. As set out in the Statement of Facts above, it was the child's testimony that Appellant, with one exception . . . always engaged in sexual contact while she was sitting on his lap or on his leg in a chair in the close presence of numerous other adults." Shipp's argument ignores the standard of review requiring us to view the evidence in a light most favorable to the verdict. Further, the jury was free to find that Shipp engaged in sexual contact despite the presence of adults in the vicinity.

conduct charged in the information."[2]   Ultimately, because Shipp completed the requirements set forth in the deferred judgment agreement, the sexual abuse charges were dismissed.

Prior to the commencement of the punishment phase of the trial, the following exchange occurred:

> [Defense Attorney]:   . . . I would like to make an objection or a request out of the presence of the jury.

> THE COURT:   Okay, you've got a motion?

> [Defense Attorney]:   I've got a motion, Your Honor. . . .   Subsequent to the order being entered that was entered in Utah that the Prosecutor has, Mr. Shipp lived out the three-year abeyance period, and the case was dismissed.   A copy of the order of dismissal is not in the record, but I was going to put him on the stand under oath, if you would allow me to do that.

> [The State]:   Judge, I'll stipulate that it was dismissed pursuant to the plea bargain agreement.   It doesn't make any difference under 3007.   The Court can offer any evidence, including unadjudicated offenses and offenses which were dismissed or rejected if the Jury believes beyond a reasonable doubt.   That's 3707. I can show you the paragraph if you want.

> THE COURT:   I understand.   Does that satisfy the Defendant's offer?

> [Defense Attorney]:   That satisfies my offer, Your Honor.   We would agree to that stipulation that the case was dismissed --

> [The State]:   And I'll stipulate to that....

> [Defense Attorney]:   With that stipulation, I would object not to the facts of the case from coming in as an unadjudicated offense, but to the judgment itself coming in showing a criminal proceeding that was ultimately dismissed, and would

---

[2]Shipp also argues that "the exhibit contained no evidence of guilt."   We find this argument has no merit considering Shipp's statement that he did, in fact, commit sexual abuse of a child.   A judicial confession alone is sufficient to satisfy the requirements of Article 1.15.   *Menefee v. State*, 287 S.W.3d 9, 13–15 (Tex. Crim. App. 2009).

make that objection outside of the presence of the jury.

> THE COURT:   The objection is overruled.

The statute referred to by the State during its argument was Texas Code of Criminal Procedure

Article 37.07, Section 3(a)(1), which states:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2010).

> On appeal, Shipp argues that:

> [f]or the exhibit to be admissible as a Texas judgment under Art. 42.01, Code of Criminal Procedure, it would have to contain an adjudication of guilt or to be admissible as a Texas order deferring adjudication under Art. 42.12, Sec. 5, Code of Criminal Procedure, it would have to make a judicial finding that the evidence is sufficient to substantiate the guilt of the accused.  Appellant urges that the trial court abused its discretion when it admitted the exhibit into evidence because it is neither evidence of an adjudication of guilt nor does it contain a finding that the evidence in the Utah case substantiated the guilt of Appellant.

7

Points of error on appeal must correspond or comport with objections and arguments made at trial. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.─Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). We find that Shipp's point of error on appeal, that the Utah judgment not be admitted because it did not satisfy the standard of what a Texas judgment should contain, was not made to the trial court below prior to the exhibit's admission.[3] Therefore, Shipp failed to preserve this point of error below.

Shipp's last point of error is overruled.

## III.    Conclusion

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:      July 12, 2011
Date Decided:        July 28, 2011

Do Not Publish

---

[3]Although such a complaint was included in Shipp's motion for new trial, an objection to the admission of evidence is not properly made in a motion for new trial, because such an objection must be presented in a timely manner prior to the admission of the evidence. *See* TEX. R. APP. P. 33.1; *Kane v. State*, 173 S.W.3d 589, 592–93 (Tex. App.—Fort Worth 2005, no pet.).