In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00057-CR

                                                ______________________________

 

 

                                MICHAEL EDWARD SHIPP,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                            Marion County, Texas

                                                           Trial
Court No. F14174

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Michael
Edward Shipp was sentenced to twenty years’ imprisonment in the Texas Department
of Criminal Justice-Institutional Division and was ordered to pay a $10,000.00
fine after a jury convicted him of indecency with his step-granddaughter,
M.V.  On appeal, Shipp argues that the
evidence was insufficient to support his conviction and that the trial court
erred in admitting a Utah judgment of deferred adjudication for sexual abuse
during the punishment phase.  Because we
find the evidence sufficient to establish indecency with a child and determine
that Shipp failed to preserve error with respect to admission of the deferred
adjudication, we affirm the trial court’s judgment.  

I.         Legally Sufficient Evidence Supports the
Trial Court’s Judgment 

 

            A.       Standard
of Review 

 

            In evaluating legal sufficiency,
we review all the evidence in the light most favorable to the jury’s verdict to
determine whether any rational jury could have found the essential elements of indecency
with a child by contact beyond a reasonable doubt.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.─Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007)).  Our rigorous
legal sufficiency review focuses on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917 (Cochran, J., concurring). 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Under a hypothetically correct jury charge, Shipp
committed the offense of indecency with a child by contact if he engaged in
sexual contact with the victim or caused the victim to engage in sexual contact
with him, and the victim was younger than seventeen years of age.  Tex.
Penal Code Ann. § 21.11(a)(1) (West 2011).  Sexual contact means “any touching of any
part of the body of a child, including touching through clothing, with the
anus, breast, or any part of the genitals of a person” “if committed with the
intent to arouse or gratify the sexual desire of any person.”  Tex.
Penal Code Ann. § 21.11(c) (West 2011). 
A person acts intentionally with respect to the nature of his or her conduct
when it is that person’s conscious objective or desire to engage in the
conduct; a person acts knowingly with respect to the nature of his or her
conduct when that person is aware of the nature of his or her conduct.  Tex.
Penal Code Ann. § 6.03(a), (b) (West 2011).

B.        Factual Background and Analysis 

 

            “The
testimony of a child victim alone is sufficient to support a conviction for . .
. indecency with a child.”  Scott v. State, 202 S.W.3d 405, 408 (Tex.
App.─Texarkana 2006, pet. ref’d); Connell
v. State, 233 S.W.3d 460, 466 (Tex. App.─Fort Worth 2007, no pet.); Lee v. State, 176 S.W.3d 452, 458 (Tex.
App.─Houston [1st Dist.] 2004), aff’d,
206 S.W.3d 620 (Tex. Crim. App. 2006); see
Tex. Code Crim. Proc. Ann.
art. 38.07 (West 2005). 

            Six-year-old
M.V. testified at trial to the actions committed by Shipp.  She told the jury that Shipp touched her
underneath her panties on her “teetee,” which she identified as her vaginal
area, while she was sitting in his lap. 
M.V. stated that this type of touching occurred “a whole bunch of times”
and that Shipp instructed her “don’t tell anybody” because “it’s a secret.”  M.V. also recounted that Shipp had once “touched
my teetee and made me touch his weewee.”  M.V. said Shipp would take her hand, place it
inside of his pants and “pushed and pulled it, and he made me touch it.”  After this incident, M.V. washed her hands “because
they were sticky.”  She then “told [her]
mama.”  

            M.V.’s
mother, Tamara, testified that she was watching television when M.V. approached
her and asked, “Momma, can I talk to you?” 
Tamara said M.V. “told me that her grandfather Mike Shipp had been
touching her on her teetee inside her panties and that she told him to stop and
that he wouldn’t stop doing it.  And he
told her that it was a secret, not to tell anyone.”  After the outcry, Tamara stated M.V. “was
real upset and crying.”  Tamara went to
the police station immediately.  

            In this
case, the jury was free to believe the testimony of M.V., which established
that Shipp touched the child’s vaginal area and caused her to engage in sexual
contact.  The jury could find these acts
were done with specific intent to arouse or gratify Shipp’s sexual desire because
Shipp asked M.V. to keep the abuse a secret, repeated the sexual contact many
times, and because M.V.’s testimony regarding the need to wash her hands
indicated Shipp’s sexual gratification.  We
find the evidence legally sufficient[1]
to establish each element of indecency with a child by contact beyond a
reasonable doubt.  

            We overrule
Shipp’s first point of error. 

 

II.       Shipp’s Complaint of the Admission of
Deferred Adjudication Was Not Preserved

 

            After the
jury’s verdict on guilt/innocence, Shipp became aware of the State’s intent to
introduce a “DEFERRED JUDGMENT AGREEMENT AND ORDER” from the State of Utah
stating that Shipp had “enter[ed] a plea of guilty to the charge(s) of:  Count 1:  SEXUAL ABUSE OF A CHILD, a second degree
felony as contained in the Information filed in the above named Court.”  Despite the plea, the Utah court “plac[ed]
the guilty plea to the above counts in abeyance and cause[d] it not be entered
upon the record of the Court.”  However,
before doing so, Shipp signed the order and averred in writing, “By entering
this guilty plea, I admit, that I committed the conduct charged in the
information.”[2]  Ultimately, because Shipp completed the
requirements set forth in the deferred judgment agreement, the sexual abuse
charges were dismissed. 

            Prior to the
commencement of the punishment phase of the trial, the following exchange
occurred:

            [Defense Attorney]:  . . . I would like to make an objection or a
request out of the presence of the jury. 

 

            THE
COURT:  
Okay, you’ve got a motion?

 

            [Defense Attorney]:  I’ve got a motion, Your Honor. . . .  Subsequent to the order being entered that
was entered in Utah that the Prosecutor has, Mr. Shipp lived out the three-year
abeyance period, and the case was dismissed. 
A copy of the order of dismissal is not in the record, but I was going
to put him on the stand under oath, if you would allow me to do that. 

 

            [The State]:  Judge, I’ll stipulate that it was dismissed
pursuant to the plea bargain agreement. 
It doesn’t make any difference under 3007.  The Court can offer any evidence, including
unadjudicated offenses and offenses which were dismissed or rejected if the
Jury believes beyond a reasonable doubt. 
That’s 3707.  I can show you the
paragraph if you want. 

 

            THE
COURT:  I understand.  Does that satisfy the Defendant’s offer?

 

            [Defense Attorney]:  That satisfies my offer, Your Honor.  We would agree to that stipulation that the
case was dismissed --

 

            [The
State]:  And I’ll stipulate to that....

 

            [Defense Attorney]:  With that stipulation, I would object not to
the facts of the case from coming in as an unadjudicated offense, but to the
judgment itself coming in showing a criminal proceeding that was ultimately
dismissed, and would make that objection outside of the presence of the
jury.  

 

            THE
COURT:  The objection is overruled. 

 

The statute referred to by the State during its argument was
Texas Code of Criminal Procedure Article 37.07, Section 3(a)(1), which states:

evidence
may be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act. 

 

Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a)(1) (West Supp. 2010). 

 

            On appeal,
Shipp argues that:

 

[f]or
the exhibit to be admissible as a Texas judgment under Art. 42.01, Code of
Criminal Procedure, it would have to contain an adjudication of guilt or to be
admissible as a Texas order deferring adjudication under Art. 42.12, Sec. 5,
Code of Criminal Procedure, it would have to make a judicial finding that the
evidence is sufficient to substantiate the guilt of the accused.  Appellant urges that the trial court abused
its discretion when it admitted the exhibit into evidence because it is neither
evidence of an adjudication of guilt nor does it contain a finding that the
evidence in the Utah case substantiated the guilt of Appellant.  

 

            Points of error on
appeal must correspond or comport with objections and arguments made at
trial.  Wright v. State, 154 S.W.3d 235, 241 (Tex. App.─Texarkana 2005,
pet. ref’d) (citing Dixon v. State, 2
S.W.3d 263, 273 (Tex. Crim. App. 1998)). 
“Where a trial objection does not comport with the issue raised on
appeal, the appellant has preserved nothing for review.”  Id.;
see Tex.
R. App. P. 33.1; Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999). 
We find that Shipp’s point of error on appeal, that the Utah judgment
not be admitted because it did not satisfy the standard of what a Texas
judgment should contain, was not made to the trial court below prior to the
exhibit’s admission.[3]  Therefore, Shipp failed to preserve this
point of error below.  

            Shipp’s
last point of error is overruled. 

 

III.      Conclusion 

 

            We affirm
the judgment of the trial court.  

 

 

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
12, 2011

Date Decided:             July
28, 2011

 

Do Not Publish

 

 

 

 











[1]Shipp’s
briefing argues that “[t]he facts stated in the testimony of [M.V.], when taken
in a neutral light, lead one to ask how the offense could have been committed
since other adults were close by at all relevant times.  As set out in the Statement of Facts above,
it was the child’s testimony that Appellant, with one exception . . . always
engaged in sexual contact while she was sitting on his lap or on his leg in a
chair in the close presence of numerous other adults.”  Shipp’s argument ignores the standard of
review requiring us to view the evidence in a light most favorable to the
verdict.  Further, the jury was free to
find that Shipp engaged in sexual contact despite the presence of adults in the
vicinity. 

 





[2]Shipp
also argues that “the exhibit contained no evidence of guilt.”  We find this argument has no merit
considering Shipp’s statement that he did, in fact, commit sexual abuse of a
child.  A judicial confession alone is
sufficient to satisfy the requirements of Article 1.15.  Menefee
v. State, 287 S.W.3d 9, 13–15 (Tex. Crim. App. 2009).





[3]Although
such a complaint was included in Shipp’s motion for new trial, an objection to
the admission of evidence is not properly made in a motion for new trial,
because such an objection must be presented in a timely manner prior to the
admission of the evidence.  See Tex. R. App. P. 33.1; Kane v. State, 173 S.W.3d 589, 592–93
(Tex. App.—Fort Worth 2005, no pet.).