In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00120-CR

                                                ______________________________

 

 

                                KWAME NKRUMAH PRICE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 76th Judicial District Court

                                                              Titus County, Texas

                                                         Trial Court
No. CR15,894

 

                                                                                                   

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            When Mount
Pleasant police officers Joshua Hatfield and Kevin Bisnette observed Kwame Nkrumah
Price driving on Interstate Highway 30, Price’s vehicle was close behind a
tractor-trailer rig—as near as six feet behind the truck or as far as one and
one-half car lengths behind it—travelling at a normal speed for that
highway.  The officers stopped Price for
following the truck too closely[1]
and, during the stop, first, smelled the odor of marihuana, next, searched
Price’s vehicle, and, finally, discovered 28.08 grams of cocaine and 4.74
pounds of marihuana.  

            Price
appeals his resulting conviction[2]
for possession of more than four grams, but less than 200 grams of a controlled
substance (cocaine), a second degree felony.[3]
 See
Tex. Health & Safety Code Ann.
§ 481.115(d) (West 2010).  We affirm the
judgment of the trial court because (1) a jury finding under Article 38.23(a),
concerning the search’s legality, is not reviewable for evidentiary
sufficiency, and (2) Price has not preserved any challenge to the admission of
the evidence from the traffic stop.

(1)        A Jury Finding Under Article 38.23(a), Concerning the Search’s
Legality, Is Not Reviewable for Evidentiary Sufficiency

 

            Price argues
that the initial traffic stop occurred in violation of the Fourth Amendment and
Article I, Section 9 of the Texas Constitution. 
Price asserts that officers lacked reasonable suspicion that he had
committed a traffic offense.  The trial
court had instructed the jury that, if it found the officer had no reasonable
suspicion to believe Price was following too closely, the jury should disregard
evidence obtained from the resulting traffic stop.  See
Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005).

            Price’s
brief does not explicitly attack the sufficiency of the evidence, but does
argue in multiple places that the evidence does not support a finding of
reasonable suspicion.  We interpret these
statements to be a challenge to the sufficiency of the evidence of the Article
38.23[4]
jury instruction.

            The Texas
Court of Criminal Appeals has recognized that evidentiary sufficiency and
admissibility of evidence are distinct issues. 
Sufficiency of the evidence is concerned with whether the elements of an
offense have been logically established by all the evidence presented, both
admissible and inadmissible.  See Hanks v. State, 137 S.W.3d 668, 671
(Tex. Crim. App. 2004); Henry v. State,
No. 06-11-00010-CR, 2011 Tex. App. LEXIS 7255, at **6–7 (Tex. App.—Texarkana
Sept. 6, 2011, no pet.) (mem. op., not designated for publication).  “‘Admissibility’ relates to the fairness of
introducing evidence and its logical relevance.”  Hanks,
137 S.W.3d at 671.  Accordingly, a sufficiency
review is appropriate only as to the sufficiency of the State’s proof as to
elements of the offense.  Id. at 672; see Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 

            The legality
of appellant’s detention is not an element of the offense charged, but relates
to the admissibility of evidence.  See Malik, 953 S.W.2d at 240.  But, an evidentiary sufficiency review is not
available for an Article 38.23 jury instruction.  Henry,
2011 Tex. App. LEXIS 7255, at **6–7; Saylor
v. State, No. 05-09-01558-CR, 2011 Tex. App. LEXIS 1048, at **5–6 (Tex.
App.—Dallas Feb. 15, 2011, pet. ref’d) (mem. op., not designated for
publication); Verhagen v. State, No.
05-05-00078-CR, 2006 Tex. App. LEXIS 1279, at **4-6 (Tex. App.—Dallas Feb. 16,
2006, pet. ref’d) (mem. op., not designated for publication); see Holmes v. State, 248 S.W.3d 194, 200
(Tex. Crim. App. 2008) (“[h]ad he received an Article 38.23 jury instruction,
he would have no appellate claim at all because the jury’s decision regarding
that factual dispute would be unreviewable”).

            We overrule
this point of error.

 

(2)        Price Has Not Preserved
any Challenge to the Admission of the Evidence from the Traffic Stop

 

            Price’s brief also
challenges the admissibility of the evidence discovered during the traffic
stop.  Before we can address the merits
of Price’s admissibility argument,[5]
we must first determine whether the issue has been preserved for appellate
review.  Ford v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (error
preservation is “systemic” requirement; if error not preserved, appellate
courts should not address issue).

            Price did
not file a pretrial motion to suppress the evidence[6]
and did not object when the State introduced evidence resulting from the
seizure.  In fact, when the State offered
the cocaine in this case—and the marihuana in the companion case—discovered in
the search of Price’s car, Price affirmatively stated “no objection.”  Price’s only attempt to challenge the
evidence resulting from the seizure was his motion for directed verdict made
after the State rested.  This motion was
made after all of the challenged evidence had been admitted by the trial court
without objection.  The motion for
directed verdict does not request that the evidence be suppressed or excluded,
but rather only requests a directed verdict of “not guilty.”   Price did not request the evidence be struck
from the record, but rather requested only a directed verdict. 

            A
motion for directed verdict is normally not an effective method for raising
suppression issues.  Although we
recognize that a motion to suppress, in a typical drug-possession case, is
almost always the functional equivalent of an acquittal,[7]
the remedy for illegally obtained evidence is not an acquittal, but is rather
exclusion of the evidence.[8]  Even if the police officers lacked reasonable
suspicion for the initial detention, the evidence may be admissible under the
attenuation-of-taint doctrine, or other evidence not tainted by the illegal
search or seizure may exist.[9]  Price’s sole challenge requested relief to
which he was not entitled.

            Even if we
interpreted Price’s motion for directed verdict as a motion to suppress, such a
motion would be untimely.  To preserve an
issue for appellate review, Price should have complained or objected to the
trial court on a timely basis.  See Tex.
R. App. P. 33.1(a)(1).  Such an
objection must be presented in a timely manner before the admission of the
evidence or as soon as the objectionable nature of the evidence became
apparent.  Kane v. State, 173 S.W.3d 589, 592–93 (Tex. App.—Fort Worth 2005,
no pet.); see Tex. R. App. P. 33.1;
Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003); Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  The State first introduced evidence resulting
from the traffic stop approximately eighty pages in the reporter’s record
before the motion for a directed verdict appears.  Price failed to make a timely objection to
the admission of the evidence.  To the
extent Price’s brief can be interpreted as arguing the trial court erred in not
suppressing the evidence, the admissibility of the evidence obtained as a
result of the detention has not been preserved for review.  We overrule this point of error.

            For
the reasons stated, we affirm the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

Date Submitted:          January
3, 2012

Date Decided:             January
12, 2012

 

Do Not Publish

 

 











[1]See Tex.
Transp. Code Ann. § 545.062(a) (West 2011).

 





[2]Price
was sentenced to 6.25 years’ imprisonment. 


 





[3]In
a companion case, our cause number 06-11-00121-CR, the appeal of which is also
decided today, Price was convicted of the state jail felony of possession of
more than four ounces, but less than five pounds, of marihuana and received a
sentence of two years’ imprisonment.  See Tex.
Health & Safety Code Ann. § 481.121(b)(3) (West 2010).





[4]A
defendant is entitled to a jury instruction pursuant to Article 38.23(a) of the
Texas Code of Criminal Procedure when there is a factual dispute regarding the
legality of the search.  Robinson v. State, No. 06-09-00225-CR, 2011
Tex. App. LEXIS 200 (Tex. App.—Texarkana Jan. 13, 2011, pet. granted) (mem.
op., not designated for publication). 
Article 38.23(a) provides:

 

 

No
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.

 

In
any case where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.

 

Tex.
Code Crim. Proc. Ann. art. 38.23 (West 2005).  





[5]We
note Price has provided an excellent brief discussing the requirements for a
traffic stop and applying said requirements to this case.   

 





[6]The
record does not contain any motion to suppress. 
Our clerk’s office contacted the District Clerk of Titus County and was
informed that their file does not contain any motion to suppress.

 





[7]In
many cases all of the State’s evidence will have been tainted by the illegal
search or seizure and, thus, suppression is the functional equivalent of an
acquittal.

 





[8]Evidence
illegally obtained can be excluded under the exclusionary rule of the Fourth
Amendment, the Texas Constitution, or Article 38.23(a) of the Texas Code of
Criminal Procedure.  See Mapp v. Ohio, 367 U.S. 643 (1961); see also Tex. Const. art.
I, § 9; Tex. Code Crim. Proc. Ann.
art. 38.23(a).

 





[9]See, e.g., State v. Elias, 339 S.W.3d
667, 678 (Tex. Crim. App. 2011) (discussing attenuation of taint).