

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00171-CR

JONATHAN ASHLEY BUTLER          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1445189D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jonathan Ashley Butler appeals his second-degree-felony conviction for online solicitation of a minor.[2] In three points, he contends that we should reverse the conviction because the trial court did not make findings of fact regarding the voluntariness of his recorded statement to the police, because the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 33.021(c), (f) (West 2016).

trial court did not hold a hearing concerning the voluntariness of that statement, and because the jury charge did not include an instruction on how the voluntariness of that statement could affect the jury's consideration of it. We affirm.

## Background

One day in February 2016, M.P. (Mother) informed Pedro Soltero, a detective with the Grapevine Police Department, of her concern that her nine-year-old daughter A.M. (Amy) was engaged in improper communications with Butler.[3] Mother told Detective Soltero that she had found flirtatious text messages between Amy and Butler, who was the father of one of Amy's friends. Mother also told Detective Soltero that after she had found the messages, she had continued the text-message conversation with Butler while pretending to be Amy.

Detective Soltero contacted Randy Watkins, a Fort Worth Police Department detective, to assist in the investigation into the text messages. Posing as Amy, Detective Watkins continued the text-message exchange with Butler. The exchange became explicitly sexual and culminated in Butler believing that he was arranging to have sex with Amy after picking her up at a restaurant. While under surveillance by the police, Butler left his home in

---

[3]To protect Amy's anonymity, we use pseudonyms to refer to her and to her mother. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Grapevine and drove to Justin, a distance of approximately twenty miles, to meet with Amy. After he drove past the restaurant several times, the police stopped him and arrested him for online solicitation of a minor.

While recorded visually and audially, Detective Soltero gave Butler *Miranda*[4] warnings, and Butler agreed to speak with Detective Soltero about the offense. Butler confessed that he had engaged in the text-message conversation and that he had believed that he had arranged to have sex with Amy. He asserted that he had been enticed and had been "caught up in the moment"; he alleged that he was about to "turn around . . . and walk away from the whole thing" when the police arrested him. He also said, "Once [Amy] got in my car, I wouldn't have done it."

Butler also gave a written statement. On the statement, which contained typed *Miranda* warnings and Butler's attestation that the statement was voluntary, he wrote in part,

> I found myself in a . . . situation today starting with a few texts sent to and from my phone involving a child. . . . [S]he eventually asked [me] to meet her today[,] and at first I was not going to but kept receiving the text[s] and not in my right state of mind agreed to meet her. But [I] decided to drive off and was pulled over and arrested. . . . I know I made a horrible . . . mistake.

A grand jury indicted Butler with online solicitation of a minor. In the indictment, the State alleged that over the Internet, he had knowingly solicited

---

[4]*See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).

3

someone whom he believed to be younger than fourteen years old to meet with him and to engage in sexual contact.

Before trial, the State gave Butler notice of its intent to introduce his recorded statement at trial. Butler filed a motion to suppress the statement, arguing that the police elicited the statement while violating his constitutional and statutory rights. The trial court did not hold a pretrial hearing on the admissibility of the statement.

At trial, Butler pleaded not guilty. When the State sought admission of the recording of Butler's interview with Detective Soltero, Butler objected, alleging that Detective Soltero had conducted the interview while violating his rights under the Fifth Amendment and under article 38.22 of the Texas Code of Criminal Procedure. The trial court overruled Butler's objection, admitted the recording, and permitted the State to play it to the jury. After the State rested, Butler reurged his objection to the statement, and the trial court again overruled the objection.

After the evidence closed and the jury heard the parties' arguments, the jury deliberated for less than ten minutes and found Butler guilty. The trial court heard evidence concerning his punishment and sentenced him to twelve years' confinement. He brought this appeal.

## Findings on Voluntariness

In his first point, Butler contends that the trial court erred because it failed to make findings of fact concerning the voluntariness of his statement to Detective Soltero. He relies on article 38.22 of the Texas Code of Criminal Procedure, which states that in all cases where a question is raised on the voluntariness of an accused's statement, the trial court must make a conclusion on voluntariness and must present its "finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West Supp. 2018); *see Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("We hold that written findings are required in all cases concerning voluntariness. The statute has no exceptions.").

After the parties filed their briefs, we abated this appeal so that the trial court could make findings concerning the voluntariness of Butler's statement. *See Vasquez*, 411 S.W.3d at 920 (holding that a court of appeals errs by not abating for the requisite findings). The trial court did so. The court signed an order that included the following findings and conclusions:

### FINDINGS OF FACT

1. Detective Pedro Soltero interviewed the defendant . . . .

2. Detective Soltero advised the defendant that:

- He had the right to remain silent;
- Any statement could be used against him;
- He had the right to have an attorney present before and during any questioning; and
- He had the right to terminate the interview at any time.

3. The defendant indicated to Detective Soltero that he understood his rights.

4. The defendant agreed to waive his rights and speak to Detective Soltero.

. . . .

6. The video footage of the defendant's recorded interview shows:

- Detective Soltero informing the defendant that he was under arrest;
- Detective Soltero reading the defendant his rights as listed in article 38.22, section 2(a);
- The defendant nodding along as Detective Soltero reads him his rights;
- The defendant affirmatively stating that he understands his rights; and
- The defendant affirmatively stating that he wished to talk to Detective Soltero.

7. The defendant voluntarily waived his constitutional and statutory rights.

. . . .

## CONCLUSIONS OF LAW

1. The Fifth Amendment right against self-incrimination is satisfied only when a defendant's statements are given voluntarily . . . .

. . . .

8. The defendant made a valid, implicit waiver of his constitutional and statutory rights.

9. Viewing the totality of the circumstances, the preponderance of the evidence demonstrates that:

- The defendant's waiver of his rights was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and

- The defendant's waiver was made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

10. The defendant's recorded statement was made voluntarily.

Our abatement of the appeal and the trial court's entry of findings on the voluntariness of Butler's statement gave him all of the relief that he requested with regard to his first point. Therefore, we overrule that point as moot. *See Norton v. State*, No. 02-14-00074-CR, 2015 WL 4966998, at *1 n.2 (Tex. App.—Fort Worth Aug. 20, 2015, no pet.) (mem. op., not designated for publication); *Jones v. State*, 955 S.W.2d 438, 439 (Tex. App.—Fort Worth 1997, pet. ref'd); *see also Wilson v. State*, 296 S.W.3d 140, 143 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

**Absence of Hearing**

In his second point, Butler contends that the trial court erred by failing to hold a hearing on the voluntariness of his statement when he objected to its admission at trial. He argues that because the trial court did not hold a hearing, we should "remand this case to the trial court with instructions to conduct such a hearing."

Article 38.22 contemplates that a trial court should hold a "hearing in the absence of the jury" to determine whether a defendant's statement is voluntary and admissible. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6; *see also*

7

*Jackson v. Denno*, 378 U.S. 368, 380, 84 S. Ct. 1774, 1783 (1964) (holding that when a question is raised about the voluntariness of a confession, a defendant is entitled to a hearing in which voluntariness is determined); *Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008) (explaining that when a defendant raises a question about the voluntariness of a confession, the trial court should conduct a hearing outside the jury's presence). The State concedes that the trial court erred by not holding a hearing outside the jury's presence, but it argues that Butler suffered no harm from the absence of a hearing. Assuming, without deciding, that the trial court erred by failing to hold the hearing, we agree with the State that the record does not establish harm.

A trial court's failure to hold a hearing under article 38.22 to determine the voluntariness of a defendant's statement is subject to a harm analysis. *See Kane v. State*, 173 S.W.3d 589, 594 & n.2 (Tex. App.—Fort Worth 2005, no pet.); *see also Murkledove v. State*, 437 S.W.3d 17, 28 (Tex. App.—Fort Worth 2014, pet. dism'd) (assuming that handwritten statements were erroneously admitted under article 38.22 and conducting a harm analysis); *Randle v. State*, No. 10-11-00117-CR, 2013 WL 1188647, at *5–7 (Tex. App.—Waco Mar. 21, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Kane* and performing a harm analysis when a trial court failed to conduct a voluntariness hearing). In the harm analysis, we assume that the statement was involuntary and thus improperly admitted, and we apply rule of appellate procedure 44.2(a) to determine whether the admission of the statement calls for reversal of the

8

judgment. *Kane*, 173 S.W.3d at 594; *see* Tex. R. App. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."). Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact of the error on the jury in light of the existence of other evidence. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

Error in the admission of evidence is harmless when a trial court admits evidence of the same or similar character without objection. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Sampson v. State*, No. 02-15-00202-CR, 2016 WL 4474339, at *3 (Tex. App.— Fort Worth Aug. 25, 2016, pet. ref'd) (mem. op., not designated for publication); *Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013, no pet.) (applying the same principle to alleged error in admitting evidence under article 38.22).

Here, after the trial court admitted the recording of Butler's statement to the police over his objection and permitted the State to play the recording to the jury, the State sought admission of Butler's written statement. Butler stated that he had "[n]o objection" to the written statement's admission, and the trial court

9

admitted it. In the written statement, Butler stated that he had "found [himself] in a dis[g]usting . . . situation"; admitted to exchanging text messages with Amy; conceded that he had sent her a text message telling her that she was a "beautiful girl"; acknowledged that during the text-message exchange, he and Amy "somehow got on to the subject about sex"; and confessed that he had agreed to meet her. Butler also explained that he had "made a horrible despicable mistake" and stated that he could "not begin to express how sickening and dis[g]usted and sorry [he felt] about even considering anything like [he did] today."

Butler's unobjected-to written statement summarized and repeated the admissions that he made in his recorded oral statement. Therefore, we hold that even if the trial court erred by failing to conduct a hearing on the voluntariness of Butler's oral statement and erred by admitting the statement, that admission is harmless beyond a reasonable doubt in light of the admission of his similar written statement along with the remaining evidence in the record supporting his guilt. *See* Tex. R. App. P. 44.2(a); *Kane*, 173 S.W.3d at 594; *Sandone*, 394 S.W.3d at 794; *see also Holcomb v. State*, No. 07-06-00138-CR, 2008 WL 926511, at *2 (Tex. App.—Amarillo Apr. 7, 2008, no pet.) (mem. op., not designated for publication) ("[E]ven were we to find that the oral statements were admitted in error, the written statement would render this error harmless beyond a reasonable doubt."). We overrule Butler's second point.

## Lack of Jury Instruction

In his third point, Butler asserts that because he objected to the admission of his statement on the ground that it was not voluntary, the trial court erred by failing to include an instruction on voluntariness in the jury charge.[5]  The State argues that the trial court did not err by not including a voluntariness instruction "because that issue was not actually litigated at trial."  We agree with the State.

Article 38.22 states that a trial court may instruct a jury on the voluntariness of a defendant's statement.  *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (stating that when a trial court finds that an accused's statement is voluntary, "evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose").  But to trigger a trial court's duty to include a jury-charge instruction on the voluntariness of a defendant's statement, the record must contain some evidence that the statement was involuntary.  *See id.* art. 38.22, §§ 6–7; *Oursbourn,* 259 S.W.3d at 175 (stating that if the defendant "offer[s] evidence before the jury suggesting that the confession was not . . . voluntary," the trial court "shall give the jury a voluntariness instruction"); *Vasquez v. State,*

---

[5]At trial, Butler did not raise any objection to the trial court's jury charge. But "all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court."  *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).  In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends.  *Id.*

11

225 S.W.3d 541, 545 (Tex. Crim. App. 2007) ("Under article 38.22, there is no error in refusing to include a jury instruction where there is no evidence before the jury to raise the issue. Some evidence must have been presented to the jury that the defendant's confession was not given voluntarily." (citations omitted)).

Butler does not direct us to any evidence in the record from which the jury could have concluded that his recorded oral statement was involuntary. Upon our review of the record, we have not located any such evidence. Instead, the recording of Butler's oral statement shows that Detective Soltero informed him of his rights under *Miranda* and under article 38.22; that Butler stated that he understood those rights; and that without any evident compulsion, Butler agreed to waive the rights and to discuss his offense. *See* Tex. Code Crim. Proc. Ann. art. 38.22, §§ 2(a), 3(a)(2); *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612.

Because the record does not contain any evidence indicating that Butler's recorded oral statement to Detective Soltero was involuntary, we hold that the trial court did not err by failing to include an instruction on voluntariness in the jury charge. *See Oursbourn*, 259 S.W.3d at 175; *Vasquez*, 225 S.W.3d at 545. We overrule his third point.

## Conclusion

Having overruled all of Butler's points, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  SUDDERTH, C.J.; PITTMAN and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 24, 2018